✎AO 199A  (Rev. 6/97) Order Setting Conditions of Release        Page 1 of  4   Pages

# UNITED STATES DISTRICT COURT

_____Northern_____ **District of** _____Illinois_____

United States of America

V.

Magnus Von Buddenbrock

Defendant

**ORDER SETTING CONDITIONS OF RELEASE**

Case Number:        08 CR 417-2

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified) _____
                                                                                                                 Place
_____ on _____
                                                      Date and Time

**Release on Personal Recognizance or Unsecured Bond**

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ ) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(   ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of
_____ dollars ($ _____ )
in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL    SERVICES    U.S. ATTORNEY    U.S. MARSHAL

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:
   (Name of person or organization) _____
   (Address) _____
   (City and state) _____ (Tel. No.) _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____   _____
        Custodian or Proxy                Date

( x ) (7) The defendant shall:
   ( x ) (a) report to the   Pretrial Services Office as directed.  ,
          telephone number   312-435-5793   , not later than _____ .
   ( x ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
          Combined total of ~ 560,447 Euros to be converted into U.S. dollars at going exchange rate, such monies representing the [continued at bottom of page]
   ( ) (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described
          _____ .
   ( ) (d) execute a bail bond with solvent sureties in the amount of $ _____ .
   ( x ) (e) maintain or actively seek employment.
   ( ) (f) maintain or commence an education program.
   ( x ) (g) surrender any passport to:   U.S. Pretrial Services (such surrender to include defendant's German and Swedish passports).
   ( x ) (h) obtain no passport.
   ( x ) (i) abide by the following restrictions on personal association, place of abode, or travel:
          shall not travel outside the Northern District of Illinois without prior permission of the Court.
   ( ) (j) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: _____

   ( ) (k) undergo medical or psychiatric treatment and/or remain in an institution as follows: _____

   ( ) (l) return to custody each (week) day as of _____ o'clock after being released each (week) day as of _____ o'clock for employment, schooling, or the following limited purpose(s):

   ( ) (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.
   ( x ) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
   ( x ) (o) refrain from   (   ) any   ( x ) excessive use of alcohol.
   ( x ) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
   ( x ) (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
   ( ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.
   ( x ) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.
   ( ) (t) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or
      ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
      ( ) (i) **Curfew.** You are restricted to your residence every day ( ) from _____ to _____ , or ( ) as directed by the pretrial services office or supervising officer; or
      ( ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or
      ( ) (iii) **Home Incarceration.** You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.
   ( x ) (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
   ( x ) (v) [continued from 7(b)] entire value of the portfolio of assets held in Swiss account ~~▓▓▓▓▓▓▓▓▓▓~~ (but does not include ~ 23,000 Euros that is held in a hedge fund and is illiquid) AND a cashier's check in the amount of $50,574.49. The anticipated total amount from these sources is ~ $ 917,070.38
   ( x ) (w) ((~ 560,447 Euros X 1.54608 USD) + $50,574.49). Defendant will remain in federal custody until the equivalent of at least 405,000 Euros (~~$626,162.40~~ USD) is posted with the Clerk of the District Court in an interest bearing account, such money, ~~may be transferred by wire;~~ the remaining
   ( x ) (x) balance of ~$240,333.49 shall be distributed as follows: (i) $100,000 shall be deposited in an escrow account for the exclusive purpose of defendant's attorney's fees and related legal costs; (ii) ~ $140,333.49 shall be posted with the Clerk of the District Court in an interest bearing account (such money may be transferred by wire) within three weeks of defendant's release from custody otherwise defendant shall be remitted back into federal custody.

*$625,000 and $50,574.49 (total: $675,574.49)*   *will be posted by cashier's check.*

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICES   U.S. ATTORNEY   U.S. MARSHAL

## Additional Conditions of Release

(x) (y) Defendant has agreed to discontinue his employment at Alfred L. Wolff, Inc. and all affiliated entities, except defendant may return for one day to Wolff's Chicago office shortly after his release to finalize and transition his administrative responsibilities, but defendant shall not remove, delete or tamper with any records or material while in said office.

(x) (z) Defendant waives any rights to contest extradition from Germany or any other country to the United States; all terms of defendant's Affidavit in support of extradition are incorporated into this order.

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICES   U.S. ATTORNEY   U.S. MARSHAL

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
  (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
  (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
  (3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
  (4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

_____
City and State

## Directions to United States Marshal

( ✓ ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: 06-06-08

_____
Signature of Judicial Officer

Magistrate Judge Ashman
Name and Title of Judicial Officer

DISTRIBUTION:   COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL